## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. l:17-cv-20846-UU

TRANSUNION RISK AND ALTERNATIVE
DATA SOLUTIONS, INC.,

    Plaintiff,

v.

COGINT, INC. f/k/a IDI, Inc., and
INTERACTIVE DATA, LLC,

    Defendants
_____/

## **ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendants, Cogint, Inc. ("Cogint"), and Interactive Data, LLC ("Interactive") respond to the Amended Complaint (D.E. 19) of plaintiff, TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS") as follows:

1. In response to paragraph 1, defendants admit that TRADS and Interactive are competitors in part of the data fusion industry. Defendants otherwise deny the allegations in paragraph 1.

2. In response to paragraph 2, defendants admit that two of TRADS' former employees were temporarily enjoined from working for Interactive. Defendants otherwise deny the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. In response to paragraph 7, defendants admit that the TLOxp® trademark appears on Interactive's website. Defendants otherwise deny the allegations in paragraph 7.

8. Defendants have insufficient knowledge to admit or deny the allegations in the second sentence of paragraph 8 and demand strict proof thereof. Defendants deny the remaining allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. In response to paragraph 10, defendants admit that this purports to be an action at law and in equity for trademark infringement and unfair competition under the Lanham Act and Florida common law; however defendants deny that TRADS is entitled to any of the relief sought.

11. Defendants admit the allegations in paragraph 11.

12. In response to paragraph 12, defendants admit that Cogint is a Delaware corporation with its principal place of business in Palm Beach County, Florida, and that Cogint was formerly known as IDI, Inc. Defendants otherwise deny the allegations in paragraph 12.

13. In response to paragraph 13, defendants admit that Interactive's principal place of business is in Palm Beach County, Florida. Defendants otherwise deny the allegations in paragraph 13.

14. In response to paragraph 14, defendants admit that TRADS and Interactive are competitors in part of the data fusion industry. Defendants otherwise deny the allegations in paragraph 14.

15. In response to paragraph 15, defendants admit that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a) and 15 U.S.C. § 1121. Defendants otherwise deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. In response to paragraph 17, defendants admit that venue is proper in this district pursuant to 28 U.S.C. §1391. Defendants otherwise deny the allegations in paragraph 17.

18. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 18 and demand strict proof thereof.

19. In response to paragraph 19, defendants admit that Hank Asher was a founder of TRADS' predecessor data fusion company, TLO, LLC in 2009, and that Asher had previously developed and sold data fusion companies Database Technologies and Seisint, Inc. Defendants also admit that Asher was sometimes referred to as the "father of data fusion." Defendants otherwise deny the allegations in paragraph 19.

20. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 20 and demand strict proof thereof.

21. In response to paragraph 21, defendants admit that TLO lost money in its nascent stages and that Asher unexpectedly passed away in January 2013. Defendants

have insufficient knowledge to admit or deny the remaining allegations in paragraph 21 and demand strict proof thereof.

22. In response to paragraph 22, defendants admit that TLO filed for Chapter 11 bankruptcy protection on May 9, 2013 and that numerous potential buyers expressed interest in TLO. Defendants further admit that either Mr. Brauser or an entity he was affiliated with executed a nondisclosure agreement and was permitted to conduct some limited due diligence and was given limited access to some of TLO's confidential information and proprietary information. Defendants otherwise deny the allegations in paragraph 22.

23. In response to paragraph 23, defendants admit that in December of 2013, TRADS acquired TLO's right, title and interest in certain assets for $154 million. Defendants otherwise deny the allegations in paragraph 23.

24. In response to paragraph 24, defendants admit that after acquiring TLO's right, title and interest in certain assets, TRADS employed TLO senior employees James Reilly and Daniel MacLachlan, and TLO employee, Surya Challa. Defendants admit that Mr. Reilly was TLO's Senior Vice President of Sales and Business Development, that Mr. MacLachlan was TLO's Chief Financial Officer, and that Mr. Challa was a computer programmer at TLO. Defendants also admit that TRADS engaged former TLO general counsel, Derek Dubner, as counsel for TRADS. Defendants otherwise deny the allegations in paragraph 24.

25. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 25 and demand strict proof thereof.

26. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27.

28. In response to paragraph 28, defendants admit that The Best One, Inc. hired the named individuals, but deny TRADS' characterization of that employment. Defendants otherwise deny the allegations in paragraph 28.

29. In response to paragraph 29, defendants admit that Mr. Poulsen is now Cogint's Chief Science Officer. Defendants otherwise deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. In response to paragraph 32, defendants admit that there was a trial and that the Bankruptcy Court entered the August 18, 2016 order attached to the amended complaint as Exhibit 1, which should be read in context. Defendants otherwise deny the allegations in paragraph 32.

33. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 33 and demand strict proof thereof.

34. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 34 and demand strict proof thereof.

35. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 35 and demand strict proof thereof.

36. In response to paragraph 36, defendants admit that after acquiring TLO's right, title and interest in certain property, TRADS used the name TLOxp® for its data fusion product. Defendants have insufficient knowledge to admit or deny the remaining allegations in paragraph 36 and demand strict proof thereof.

37. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 37 and demand strict proof thereof.

38. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 38 and demand strict proof thereof.

39. In response to paragraph 39, defendants admit that TRADS sometimes uses the symbol ® immediately following the standard character mark, TLOxp. Defendants have insufficient knowledge to admit or deny the remaining allegations in paragraph 39 and demand strict proof thereof.

40. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 40 and demand strict proof thereof.

41. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 41 and demand strict proof thereof.

42. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 42 and demand strict proof thereof.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. In response to paragraph 56, defendants admit that the documents attached to the amended complaint as exhibits 6-11 contain an IDI logo with the phrase "a Cogint company." Defendants also admit that Interactive owns a copyright in the documents attached to the amended complaint as Exhibits 6-9. Defendants otherwise deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants have insufficient knowledge to admit or deny the first two sentences of paragraph 61. Defendants deny the remaining allegations in paragraph 61.

62. In response to paragraph 62, Interactive admits that it has used the TLOxp® mark in lawfully promoting its competing product without TRADS' authorization or objection. Cogint has never used the TLOxp® mark.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 65 and demand strict proof thereof.

66. Defendants deny the allegations in paragraph 66.

67. Defendants have insufficient knowledge to admit or deny the last sentence in paragraph 67 and demand strict proof thereof. Defendants deny the remaining allegations in paragraph 67.

68. In response to paragraph 68, defendants admit that a Cogint press release is attached to the amended complaint as Exhibit 14. Defendants otherwise deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. In response to paragraph 71, defendants re-allege and incorporate their responses to paragraphs 1 through 70.

72. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 72 and demand strict proof thereof.

73. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 73 and demand strict proof thereof.

74. In response to paragraph 74, defendants admit that Interactive has used the TLOxp® trademark in connection with the lawful marketing and promotion of idiCORE. Defendants otherwise deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants admit the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. In response to paragraph 83, defendants re-allege and incorporate their responses to paragraphs 1 through 70.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. In response to paragraph 89, defendants re-allege and incorporate their responses to paragraphs 1 through 70.

90. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 90 and demand strict proof thereof.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. In response to paragraph 95, defendants re-allege and incorporate their responses to paragraphs 1 through 70.

96. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 96 and demand strict proof thereof.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. In response to paragraph 102, defendants re-allege and incorporate their responses to paragraphs 1 through 101.

103. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 103 and demand strict proof thereof.

104. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 104 and demand strict proof thereof.

105. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 105 and demand strict proof thereof.

106. Defendants deny the allegations in paragraph 106.

107. In response to paragraph 107, defendants admit that Interactive has used the TLOxp® trademark in connection with the lawful marketing and promotion of idiCORE. Defendants otherwise deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. In response to paragraph 109, Interactive admits that it has used the TLOxp® mark in lawfully promoting its competing data fusion product without TRADS' authorization or objection. Cogint has never used the TLOxp® mark.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. In response to paragraph 114, defendants re-allege and incorporate their responses to paragraphs 1 through 101.

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

121. In response to paragraph 121, defendants re-allege and incorporate their responses to paragraphs 1 through 101.

122. Defendants have insufficient knowledge to admit or deny the allegations in paragraph 122 and demand strict proof thereof.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

128. In response to paragraph 128, defendants re-allege and incorporate their responses to paragraphs 1 through 101.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants deny the allegations in paragraph 133.

134. Defendants deny the allegations in paragraph 134.

135. All allegations that have not been expressly admitted are denied.

136. In response to the unnumbered "prayer for relief" following paragraph 134, defendants deny that TRADS is entitled to any of the relief sought, including the relief sought in subparagraphs 1 through 13 of the "prayer for relief."

## AFFIRMATIVE DEFENSES

**First Defense**: TRADS' claims are barred by the doctrine of estoppel by laches because TRADS unreasonably and inexcusably delayed in bringing this action, which has caused undue prejudice to defendants.

**Second Defense**: TRADS' claims are barred by the principle of trademark misuse because TRADS is prosecuting frivolous trademark infringement claims for the purpose of eliminating lawful competition.

**Third Defense**: TRADS' claims are barred by the doctrine of unclean hands because TRADS is prosecuting frivolous trademark infringement claims for the purpose of eliminating lawful competition.

**Fourth Defense**: TRADS' claims for injunctive relief are barred because the alleged infringement has been discontinued.

**WHEREFORE**, defendants respectfully request that the Court enter judgment in favor of defendants and against TRADS on all of TRADS' claims, and award defendants their attorneys' fees and costs incurred in defending this action, pursuant to 15 U.S.C. § 1117(a).

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

**RICHARD AND RICHARD, P.A.**
**ATTORNEYS FOR DEFENDANT**
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131

>Telephone: (305) 374-6688
>Facsimile: (305) 374-0384
>
>By: /s/ Dennis Richard
>   DENNIS RICHARD
>   Florida Bar No. 148730
>   dennis@richardandrichard.com
>   MICHAEL R. TOLLEY
>   Florida Bar No. 27150
>   michael@richardandrichard.com
>   DOUGLAS J. GIULIANO
>   Florida Bar No. 15282
>   douglas@richardandrichard.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF to all parties listed below this 4th day of May, 2017.

>By: /s/ Dennis Richard
>   DENNIS RICHARD

## SERVICE LIST

**VIA CM/ECF**

James G. Sammataro, Esq.
Brendan S. Everman, Esq.
Hans Helmut Hertell, Esq.
STROOCK & STROOCK & LAVAN LLP
200 S. Biscayne Boulevard, Suite 3100
Miami, Florida 33131
jsammataro@stroock.com
beverman@stroock.com
hhertell@stroock.com
lacalendar@stroock.com
*Attorneys for Plaintiff*
w:\wdox\clients\512\4448\00104441.docx